# EXHIBIT C

AUSA:   Sara D. Woodward          Telephone:  313-226-9180

Special Agent: Daniel Ghareeb

AO 93  (Rev. 12/09) Search and Seizure Warrant                      Telephone:  313-226-0593

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>16255 Tuller St., Detroit, Michigan, 48221 | )<br>)<br>)<br>)<br>)<br>) |

Case: **2:16-mc-50425**
Assigned To : **Cleland, Robert H.**
Assign. Date : **3/18/2016**
Description: **SEALED MATTER (LCB)**

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____
*(identify the person or describe the property to be searched and give its location)*:
See ATTACHMENT A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See ATTACHMENT B.

*I hereby certify that the foregoing a true copy of the original on file in this Office. CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF MICHIGAN BY: _____ Deputy*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 4/1/2016 _____
*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____ March 18, 2016 _____

**MONA K. MAJZOUB**

*Judge's signature*

City and state: _____ Detroit, Michigan _____      MONA K. MAJZOUB United States Magistrate Judge
*Printed name and title*

TRAVIS_00223

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

TRAVIS_00224

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The premises to be searched is a single family bungalow style home made of brick having white vinyl siding with green trim. The SUBJECT PREMISES is located on the west side of Tuller Street, north of Puritan.

The location to be searched includes all adjacent structures (such as tool sheds, unattached garages, storage areas, etc.) located at or near the residence which fall under the dominion and control of the person or persons associated with said residence. The location also includes the search of vehicles located at or near the residence which fall under the dominion and control of the person(s) associated with SUBJECT PREMISES. The search of these vehicles is to include all internal and external compartments and all containers that may be associated with the storage of child pornographic materials or their instrumentalities contained within the aforementioned vehicles and adjacent structures.

12

TRAVIS_00225

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

1. Any and all cell phones.

2. Any and all bedding and sheets.

3. Computer(s), computer hardware, computer software, computer related documentation, computer passwords and data security devices, videotapes, video recording devices, video recording players, and video display monitors that may be, or are used to: visually depict child pornography or child erotica; display or access information pertaining to a sexual interest in child pornography; display or access information pertaining to sexual activity with children; or distribute, possess, or receive child pornography, child erotica, or information pertaining to an interest in child pornography or child erotica.

4. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P software.

5. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes)

13

pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

6.   In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica.

7.   Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of [target's e-mail address] by use of the computer or by other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

8.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by

14

computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

9.    Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

10.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography.

11.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files)

15

TRAVIS_00228

concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

12. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

13. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

14. Any and all cameras, film, videotapes or other photographic equipment.

15. Any and all visual depictions of minors.

16. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages,

16

TRAVIS_00229

chat logs and electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

17.   Any and all documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to occupancy or ownership of the premises described above, including, but not limited to, rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, mail envelopes, or addressed correspondence.

18.   Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

19.   Records evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail

17

envelopes, or addressed correspondence.

20.   Records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, and handwritten notes.

18

TRAVIS_00231

AUSA: Sa███ Woodward    Telephone: 313-226-9180

AO 106 (Rev. 04/10) Application for a Search Warrant    Special Agent:    Daniel Ghareeb    Telephone: 313-226-0593

# UNITED STATES DISTRICT COURT

for the
Eastern District of Michigan

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
16255 Tuller St., Detroit, Michigan, 48221

    )
    )
    )
    )
    )
    )
    )

Case: **2:16-mc-50425**
Assigned To : **Cleland, Robert H.**
Assign. Date : **3/18/2016**
Description: **SEALED MATTER (LCB)**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the ___Eastern___ District of ___Michigan___, there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed.R.Crim.P.41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

*I hereby certify that the foregoing is a true copy of the original on file in this Office.*

*CLERK, U.S. DISTRICT COURT*
*EASTERN DISTRICT OF MICHIGAN*
*BY: _____*
*Deputy*

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2), (a)(5)(B) | possession and distribution of child pornography |
| 18 U.S.C. § 2252(a)(1) | Production of child pornography |

The application is based on these facts:

See attached AFFIDAVIT.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Daniel Ghareeb, DHS/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___March 18, 2016___

City and state: ___Detroit, MI___

MONA K. MAJZOUB
_____
*Judge's signature*

MONA K. MAJZOUB, U.S. Magistrate Judge
*Printed name and title*

TRAVIS_00232

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

STATE OF MICHIGAN       :
      :
      : ss. **A F F I D A V I T**
      :
COUNTY OF WAYNE       :

I, Daniel Ghareeb, being duly sworn, depose and state:

### INTRODUCTION

1.  I am currently a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in Detroit, Michigan. I have been employed as a Special Agent since February of 2007. Prior to my current assignment, I was a police officer with the North Baltimore Ohio Police Department for approximately two years. I hold a Bachelor of Science in Criminal Justice from the University of Toledo and a Master of Science in Criminal Justice from the University of Cincinnati. As a Special Agent, I have conducted over 60 investigations relating to child exploitation and assisted the HSI Detroit Child Exploitation Group in numerous investigations concerning child exploitation. The following is based upon my personal investigation as well as statements from other law enforcement officers.

1

TRAVIS_00233

## PURPOSE OF AFFIDAVIT

2.     This affidavit is made in support of an application for a search warrant to search for and seize instrumentalities, fruits and evidence of violations of 18 U.S.C. § 2251(a), which makes it a crime for any person to knowingly produce child pornography, and 18 U.S.C. § 2252A(a)(2) which makes it a crime for any person to knowingly distribute child pornography, and 18 U.SC. § 2252A(a)(5)(B) which makes it a crime for any person to knowingly possess child pornography that has been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer. These items to be seized are more specifically described in Attachment B.

3.     Pursuant to the provisions of 18 U.S.C. § 2256, "child pornography," as used in this affidavit, means any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

4.     This affidavit is submitted in support of an application for a search warrant for the residence of Ryon Lenell TRAVIS located at 16255 Tuller St., Detroit, Michigan, 48221 ("SUBJECT PREMISES"), along with the computer(s) and electronic media located therein. The SUBJECT PREMISES consists of 16255

2

TRAVIS_00234

Tuller Street, Detroit, Michigan, 48221, and adjacent structures (such as tool sheds, unattached garages, storage areas, etc.) located at or near the residence which fall under the dominion and control of the person or persons associated with said residence. The SUBJECT PREMISES was searched on March 2, 2016 by the West Bloomfield Police Department for evidence related to a fraud investigation. Some electronic evidence was seized at that time. The purpose of this warrant is to seize any additional electronic evidence, including any cell phones or cameras located in the home, as well as to seize a distinctive patterned sheet described below and in Attachment B.

5.     Your affiant requests that the search warrant authorize the search of vehicles located at or near the residence which fall under the dominion and control of the person(s) associated with SUBJECT PREMISES. The search of these vehicles is to include all internal and external compartments and all containers that may be associated with the storage of child pornographic materials or their instrumentalities contained within the aforementioned vehicles and adjacent structures.

6.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information made available to me by other law enforcement professionals. These facts are provided for the sole purpose of

3

establishing probable cause for the issuance of a search warrant; therefore, this affidavit does not necessarily contain all information uncovered during this investigation.

## DETAILS OF INVESTIGATION

7.     On March 2, 2016, the West Bloomfield Police Department (WBPD) executed a search warrant at 16255 Tuller in Detroit, Michigan for State of Michigan fraud violations. This address is the residence of Ryon TRAVIS. TRAVIS and three adult women that TRAVIS identified as his "wives" were present during the execution of the search warrant. TRAVIS told officers that he had four wives; one was not at home during the execution of the warrant.

8.     During the search, two cellular phones were discovered on the living room table: one (1) LG cellular phone and one (1) Kyocera cellular phone. During the execution of the warrant, several adults, including TRAVIS, were present. Police asked TRAVIS and the women who the phones belonged to, and they all said the phones belonged to TRAVIS. West Bloomfield police began questioning TRAVIS about their fraud investigation. During the interview they asked TRAVIS if he owned a cellular phone and where it would be located. TRAVIS stated his phone was the LG telephone located on the living room table.

4

TRAVIS_00236

9.     WBPD officers seized several cell phones and laptop computers pursuant to the search warrant. WBPD also took photographs of the residence during the execution of the warrant.

10.     Later that day, West Bloomfield police began a forensic exam of TRAVIS's LG phone. During the examination, police saw images of child pornography on the phone. The examination of the phone was stopped and a second search warrant was obtained authorizing the search of the phone for child sexually abusive material. After obtaining the search warrant, the exam continued. Police recovered the following from TRAVIS's LG phone:

- Multiple images depicting an adult male penetrating a very young child's mouth with his penis. This child's face and upper torso is visible in the photographs. The child appears to a toddler or very young child.

- Multiple images depicting an adult male penetrating a prepubescent female child's anus and vagina. This child's lower torso and genitals are visible in the photographs. The child appears to a toddler or very young child.

- An image that appears be a screenshot taken with the phone depicting numerous pictures, in thumbnail form, in the phone's "camera roll."

5

Some of the images in the screen shot of the camera roll were the same as the images described above. This screenshot was recovered from TRAVIS's sent text messages. On January 27, 2016, TRAVIS sent the screenshot to a contact identified in his phone as "Tush My Wife Sugar," 313-412-3772, with the text: "T'yon saw this."

11. In one of the images described above depicting the penetration of a prepubescent female, the child is laying on a sheet. The sheet has a distinctive blue and white pattern. In photographs taken by the West Bloomfield Police Department during the execution of the search warrant at TRAVIS' home, a sheet with the same distinctive blue and white pattern is seen on the bed in one of the bedrooms.

12. TRAVIS has seven biological children under the age of 18. He does not currently have custody of any minor children.

## IV. CHARACTERISTICS OF INDIVIDUALS WITH A SEXUAL INTEREST IN CHILDREN

13. My training and experience, coupled with the training and experience of other law enforcement and child protection professionals with whom I have consulted in the past, has revealed that individuals who produce and share child pornography have a sexual interest in children and often download and

6

electronically store images and videos of child pornography. In my experience, individuals who engaged in violations of §2251 and §2252A tend to maintain downloaded collections of child pornography for a long period of time. The vast majority of suspects that engaged in the activity of downloading and collecting child pornography have maintained these collections for at least two years.

14.    These images and videos can be downloaded into a desktop or laptop computer, digital music players, USB / Thumb drives, cellular phones, personal data assistants, and other electronic devices capable of storing electronic media. The images can be stored in both digital and hard copy format and are usually hidden so that they are not found by other members of the residence or by anyone else who enters the home. Such hiding places could include but are not limited to garages, sheds, attics, and vehicles.

15.    Your affiant knows from training and experience that even if the files were deleted by a user, they still may be recoverable by a trained computer forensic examiner. Specifically, when a user deletes a file, it goes into a "trash" folder. When the user directs the computer to "empty" the trash folder the contents of the folder, including the deleted file, disappear. However, the file has not left the computer and under normal circumstances, is recoverable by computer experts until it's overwritten because there is no longer unused space in the computer's

7

TRAVIS_00239

hard drive. How soon a file will be overwritten depends on a number of factors: whether the user is computer savvy and has installed a program that accelerates the normal overwriting of deleted data, how often new files are saved to his hard drive, the capacity of the hard drive, and how the computer's file system allocates new files. Trained certified computer forensic examiners routinely extract incriminating deleted files from hard drives, usually without difficulty.

16.   Since a deleted file is not overwritten all at once, it may be possible to reconstruct it from the bits of data composing it (called "slack data"), which are still retrievable because they have not yet been overwritten even if overwriting has begun. Before a file is deleted, the file system marks it as unavailable to be overwritten. Once it is deleted, its data are no longer protected against being overwritten, but the file system won't necessarily overwrite it all at once. If it is only partially overwritten computer experts can recover the portion of the data that has not been overwritten, or at least can match it to images they obtained from, for example, a website, to verify that the images were once in the computer's hard drive and thus had been possessed. Although a savvy computer user can direct his computer to ensure quick (even instantaneous) overwriting, the default settings on standard operating systems do not do this.

8

TRAVIS_00240

17.    It is difficult to know, prior to the search, which exact method of extracting the evidence will be needed and used and which expert possesses sufficient specialized skills to best obtain the evidence and subsequently analyze it. No matter which method is used, the data analysis protocols that will be utilized are exacting scientific procedures, designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Upon approval and execution of the search warrant, in appropriate circumstances, a forensic image or bit-stream image, which is an exact physical copy of the seized electronic evidence, will be created so that their contents could be examined at an HSI field office and/or other locations following completion of the on-site search.

18.    The search of computers, hard drives, and other seized electronic media will include a complete search of the entire piece of seized electronic evidence as individuals will intentionally mislabel directory structures, folder names, and filenames to hide the presence of child pornography. Moreover, hard drives and other pieces of electronic media have unallocated space which might contain deleted files, records, relevant e-mails, other communications, and search terms related to the possession, receipt, and distribution of child pornography. Thus, without looking at the entirety of the electronic media for evidence related to child

9

TRAVIS_00241

pornography, the investigator may not find evidence relevant to the criminal investigation.

19.    The average computer now contains 500 Gigabytes to 1Terabytes (1000 Gigabytes) and if filled could have 1,655,500 files and 3,311,000 files respectively. Consequently a computer forensic examiner cannot conduct a thorough examination at a residence of all these files in a timely manner.

## **CONCLUSION**

20.    Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that evidence of Title 18, United States Code, Section 2251(a), which makes it a crime for any person to knowingly produce child pornography, violations of Title 18 United States Code, 2252A(a)(2) and 18 United States Code, 2252A(a)(5)(B) will be located at SUBJECT PREMISES described in Attachment A.

21.    Wherefore by this affidavit and application, your Affiant requests that the court issue a search warrant which would allow agents to search for and seize evidence from SUBJECT PREMISES. The items to be seized and search are described more specifically described in Attachment B.

_____

10

Special Agent Daniel Ghareeb
Homeland Security
Investigations/DHS

SUBSCRIBED and SWORN
Before me on March 18, 2016

MONA K. MAJZOUB

_____

United States Magistrate Judge

11

TRAVIS_00243

## **ATTACHMENT A**

### **DESCRIPTION OF LOCATION TO BE SEARCHED**

The premises to be searched is a single family bungalow style home made of brick having white vinyl siding with green trim. The SUBJECT PREMISES is located on the west side of Tuller Street, north of Puritan.

The location to be searched includes all adjacent structures (such as tool sheds, unattached garages, storage areas, etc.) located at or near the residence which fall under the dominion and control of the person or persons associated with said residence. The location also includes the search of vehicles located at or near the residence which fall under the dominion and control of the person(s) associated with SUBJECT PREMISES. The search of these vehicles is to include all internal and external compartments and all containers that may be associated with the storage of child pornographic materials or their instrumentalities contained within the aforementioned vehicles and adjacent structures.

12

TRAVIS_00244

## **ATTACHMENT B**

## **DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

1.    Any and all cell phones.

2.    Any and all bedding and sheets.

3.    Computer(s), computer hardware, computer software, computer related documentation, computer passwords and data security devices, videotapes, video recording devices, video recording players, and video display monitors that may be, or are used to: visually depict child pornography or child erotica; display or access information pertaining to a sexual interest in child pornography; display or access information pertaining to sexual activity with children; or distribute, possess, or receive child pornography, child erotica, or information pertaining to an interest in child pornography or child erotica.

4.    Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P software.

5.    Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes)

13

pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

6. In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica.

7. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of [target's e-mail address] by use of the computer or by other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

8. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and handwritten notes), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by

14

TRAVIS_00246

computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

9.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

10.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography.

11.   Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, and other digital data files)

15

TRAVIS_00247

envelopes, or addressed correspondence.

20. Records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, and handwritten notes.

18

TRAVIS_00248